```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW HAMPSHIRE
```

Kurt West

    v.                                    Civil No. 10-cv-214-JL
                                        Opinion No. 2011 DNH 013
Bell Helicopter
Textron, Inc. *et al.*

## MEMORANDUM ORDER

This products liability action arises out of a helicopter crash in Bow, New Hampshire. The pilot, plaintiff Kurt West, alleges that the helicopter experienced an "uncommanded shutdown" in which the flow of fuel to the engine was suddenly cut off without warning, forcing him to land through a maneuver known as "autorotation." This landing was violent and caused serious injuries to West. He alleges that the shutdown occurred due to a malfunction with the aircraft's "Full Authority Digital Engine Control," or "FADEC," part of its electronic control unit, or "ECU." During the alleged shutdown, "the computer seized control of the engine" and caused a malfunction in the fuel shutoff valve and the hydromechanical unit, or "HMU," which "interfaces with the FADEC to control the flow of fuel to the engine."

West, a citizen of Massachusetts, has brought suit against a number of defendants, including: the manufacturer of the helicopter, Bell Helicopter Textron, Inc.; the manufacturer of the ECU, Goodrich Pump & Engine Control Systems, Inc. (which is

also allegedly the successor-in-interest to the entity that manufactured the FADEC and the HMU); the manufacturer of the engine, Rolls Royce Corporation; and the alleged manufacturer of the fuel shutoff valve, Circor Aerospace, Inc.  Each of these corporations has its principal place of business outside of Massachusetts, so this court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1).  Circor, whose principal place of business is in Corona, California, has moved to dismiss for lack of personal jurisdiction.[1]  See Fed. R. Civ. P.12(b)(2).

"Personal jurisdiction implicates the power of a court over a defendant . . . . [B]oth its source and its outer limits are defined exclusively by the Constitution," namely, the due process clause of the Fourteenth Amendment.  Foster-Miller, Inc. v. Babcock & Wilcox Can., 46 F.3d 138, 143-44 (1st Cir. 1995) (citing Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)); U.S. Const. Am. XIV.  Due process encompasses both general jurisdiction, based on the defendant's continuous and systematic activity in the forum state, and specific jurisdiction, based on the nexus between the plaintiff's claims and the defendant's forum-based activities.

---

[1] While this court ordinarily hears oral argument on dispositive motions, both West and Circor indicated at the preliminary pretrial conference that they preferred to have the motion decided without oral argument.

See, e.g., Hannon v. Beard, 524 F.3d 275, 279 (1st Cir. 2008). West admittedly "does not contend that [Circor] had continuous and systematic contact with New Hampshire such that general jurisdiction exists," so he must show specific jurisdiction.

This showing normally consists of two parts: first, that applicable long arm statute provides for jurisdiction over the defendant and, second, if it does, that exercising jurisdiction comports with due process. See, e.g., Hannon, 524 F.3d at 280. As the parties recognize, though, New Hampshire's applicable long-arm statute, N.H. Rev. Stat. Ann. 510:4, allows jurisdiction to the same extent allowed by the Constitution, so the court moves directly to the constitutional analysis.[2]  See Phillips

---

[2] West argues that, because the New Hampshire "long-arm statute calls for jurisdiction where the defendant has caused tortious injury within this state," the state legislature "is apparently of the view that such intra-state injury is, a fortiori, sufficient for the assertion of personal jurisdiction under the due process clause." But the New Hampshire long-arm statute does not actually say that causing tortious injury within the state subjects a person to jurisdiction here. See N.H. Rev. Stat. Ann. § 510:4, I. Instead, the New Hampshire Supreme Court, construing the statute "in its broadest legal sense," has held that "the fact that only the alleged injury occurred within the State does not preclude New Hampshire courts from subjecting a nonresident to their jurisdiction under the long-arm statute." Tavoularis v. Womer, 123 N.H. 423, 426 (1983). The statute, then, reflects no legislative "view" that doing so would comport with due process (and, even if it did, of course, that "view" would not carry much if any weight in this court's analysis).

Exeter Acad. v. Howard Phillips Fund, 196 F.3d 284, 287 (1st Cir. 1999); Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).

For this court to exercise personal jurisdiction over Circor in New Hampshire, the company must have "sufficient minimum contacts with the state such that 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  Adelson v. Hananel, 510 F.3d 43, 49 (1st Cir. 2007) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)) (further internal quotation marks omitted).  This constitutional standard consists of three elements:  relatedness, purposeful availment, and reasonableness.  See, e.g., Phillips v. Prairie Eye Ctr., 530 F.3d 22, 27 (1st Cir. 2008).  To carry its burden to show personal jurisdiction, "[t]he plaintiff must demonstrate that each of these three requirements is satisfied."  Id.

The court agrees with Circor that West's jurisdictional argument flunks the relatedness inquiry.  "Generally, relatedness refers to the requirement that the underlying claim 'arise out of' or be 'related to' the activities within the forum state." Adelson, 510 F.3d at 49.  Under this test, personal jurisdiction will not lie if "the connection between the cause of action and the defendant's in-state conduct seems attenuated and indirect. Instead, the defendant's in-state conduct must form an important, or at least material, element of proof in the plaintiff's case."

United Elec., Radio & Mach. Workers of Am. v. 163 Pleasant St. Corp., 960 F.2d 1080, 1089 (1st Cir. 1992) (bracketing and quotation marks omitted).

In his amended complaint, West asserts three separate causes of action against Circor: breach of warranty (count 4), negligent design and manufacture (count 8), and strict liability (count 12). But West does not allege any facts that could connect these claims to any conduct by Circor in New Hampshire, i.e., that any of its activities in designing, manufacturing, or making warranties about the allegedly defective fuel valve occurred in New Hampshire. Indeed, West does not allege any conduct by Circor in New Hampshire at all. In the absence of those allegations, this court cannot exercise jurisdiction over West's claims for breach of warranty, negligent design and manufacture, or strict liability against Circor. See, e.g., D'Jamoos v. Atlas Aircraft Ctr., Inc., 669 F. Supp. 2d 167, 174 (D.N.H. 2009) (finding no personal jurisdiction over claim that defendant "designed, manufactured, and sold a defective aircraft" where the design, manufacture, and sale all occurred outside of New Hampshire) (McAuliffe, C.J.).

West (in the only two sentences of his 11-page memorandum that he devotes to the relatedness inquiry) states that he satisfies it because Circor's "contact with New Hampshire--the

purposeful placement of a malfunctioning helicopter part into a helicopter that was sold into the state--is both the but-for and proximate cause of his injury." But West does not allege that either "placement" of the allegedly defective valve nor the "sale" of the helicopter occurred in New Hampshire--or, for that matter, that Circor had anything to do with either of those acts.³ So, while the court of appeals has, as West says, "suggested an analogy between the relatedness requirement and the binary concept of causation in tort law," that analogy is of no help here, where Circor's "forum-state activity" was neither the cause-in-fact nor the legal cause of West's injury. United Elec., Radio & Mach. Workers, 960 F.2d at 1089. Again, West has not alleged any activity by Circor in New Hampshire at all.

---

³For this reason, Ranahan v. Pheasant Wilsons, Inc., No. 95-5, 1995 WL 502412 (D.N.H. May 2, 1995) (Devine, J.), does not support West's relatedness argument. There, the plaintiff was allegedly injured by a product that the moving defendant "manufactured exclusively for" another party, Wilsons, which "in turn sold the product through its nationwide chain of retail stores, which includes the New Hampshire store where plaintiff purchased the product." Id. at *3-*4. Here, though, West does not allege that he (or anybody) purchased Circor's allegedly defective valve (or even the helicopter containing the allegedly defective valve) in New Hampshire. So Ranahan does not help West--even assuming it is correct that a manufacturer's extrajurisdictional sale of an allegedly defective consumer product to a national retailer with a store in the forum state, at which the plaintiff ultimately buys the product, is enough to show relatedness as to his claims against the manufacturer.

West also protests that Circor's motion to dismiss "is premature in light of the fact that [he] has not yet had the opportunity to conduct discovery regarding [its] contacts with New Hampshire." Toward that end, West has propounded interrogatories on Circor, but it has refused to answer them (presumably on the ground that it need not participate as a party in discovery in a forum where it says being forced to defend itself would amount to a violation of its due process rights).

As West points out, "a diligent plaintiff who sues an out-of-state corporation and who makes out a colorable case for the existence of in personam jurisdiction may well be entitled to a modicum of jurisdictional discovery if the corporation interposes a jurisdictional defense." Negrón-Torres v. Verizon Commc'ns, Inc., 478 F.3d 19, 27 (1st Cir. 2007) (quotation marks omitted). But West has not made out a colorable case for personal jurisdiction over Circor (as is apparent from his failure to allege any conduct by it in New Hampshire whatsoever), so he is not entitled to jurisdictional discovery.[4] See United States v.

---

[4] This is in contrast to cases in which this court has allowed jurisdictional discovery. See 25 CP, LLC v. Firstenberg Mach. Co., 2009 DNH 185, 29-30 (Barbadoro, J.) (plaintiff had made non-conclusory allegations "to suggest that, if provided time for jurisdictional discovery, it could proffer sufficient evidence that [defendants] were in a principal-agent relationship" so as to impute one's in-state contacts to the other for jurisdictional purposes); New Eng. Coll. v. Drew Univ.,

Swiss Am. Bank, Ltd., 274 F.3d 610, 626 (1st Cir. 2001) (ruling that a request for jurisdictional discovery was properly denied where plaintiff's "relatedness showing was unconvincing").

In fact, West does not even maintain that he has colorable claim for jurisdiction over Circor. He argues instead that "Circor has obviously placed [him] at an unfair disadvantage by submitting its own affidavit on jurisdictional issues, while declining to provide [him] with information with which he might contest those issues." Circor has indeed submitted an affidavit in support of its motion to dismiss, attesting that, inter alia: the company has made no sales into New Hampshire since coming into existence in 2008; even prior to that time, its predecessor made only very limited sales into New Hampshire; and those sales did not include any valves used in helicopters. But the court has not taken these statements into account in deciding whether

---

2009 DNH 016, 4-9 (Laplante, J.) (plaintiff had alleged that an out-of-state defendant had conspired with an in-state defendant to commit in-state torts against the in-state plaintiff, but had failed to support these allegations with evidence, and so would be allowed discovery for that purpose); D'Jamoos v. Atlas Aircraft Ctr., Inc., 2008 DNH 203, 4 (plaintiffs alleged that defendant aircraft manufacturer had "committed a tort in the State of New Hampshire" by providing inadequate warnings directly to an aircraft mechanic here) (McAuliffe, C.J.); Clearview Software Int'l, Inc. v. Ware, 2008 DNH 182, 5-6 (plaintiffs "produced specific e-mails that [defendant] apparently directed to [their] employees in New Hampshire, and which relate[d], at least arguably, to the plaintiffs' underlying claims") (Laplante, J.).

it has personal jurisdiction over Circor, and has not needed to do so, since, as just discussed, West does not argue for general jurisdiction, and does not allege any connection between the allegedly defective valve at issue here and any of Circor's contacts in New Hampshire.

So West has suffered no "disadvantage," unfair or otherwise, from Circor's submission of an affidavit supporting its Rule 12(b)(2) motion to dismiss.  To the contrary, he has simply faced the same burden as any other plaintiff opposing such a motion: to make a prima facie showing of personal jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Phillips</u>, 530 F.3d at 26.  He has not carried that burden.  Circor's motion to dismiss for lack of personal jurisdiction[5] is therefore GRANTED.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  January 28, 2011

cc:  Annmarie A. Tenn, Esq.
     Joan A. Lukey, Esq.
     John P. O'Flanagan, Esq.
     L. Robert Bourgeois, Esq.

---

[5]Document no. 35.

Brian M. Quirk, Esq.
Garry R. Lane, Esq.
James C. Wheat, Esq.
Phillip S. Bixby, Esq.
Martha C. Gaythwaite, Esq.