UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kurt West

    v.                            Civil No. 10-cv-214-JL

Bell Helicopter
Textron, Inc. *et al.*

**PROCEDURAL ORDER**

The parties to this products liability action arising out of a helicopter crash have been participating in this court's informal procedure for resolving discovery disputes as set forth in its Order After Preliminary Pretrial Conference (document no. 52).  After disputes arose over the defendants' objections to a number of the plaintiff's requests for production of documents, and counsel were unable to resolve those disputes by conferring among themselves, they scheduled a conference with the court, with each party submitting a brief written statement of its position beforehand.  At the off-the-record conference, the court gave its preliminary view as to some of the issues in dispute, and counsel were able to resolve a number of them.

Following the conference, counsel continued in their efforts to resolve the outstanding issues, but have been unable to do so. They have therefore requested another conference with the court, and have submitted brief written statements of their positions on the outstanding issues.  In their statement, however, the

defendants "request a record if arguments are going to be made on [the] issues" still in dispute, and ask for the opportunity to submit briefing on some of those issues. The court takes this as an indication that, despite the serious efforts of counsel so far, further attempts at the informal resolution of this dispute are not likely to be productive, and that the formal method of resolving discovery disputes must be used instead.

Accordingly, on or before October 13, 2011, the plaintiff shall file a motion to compel the defendants to produce materials in response to the document requests still in dispute, see Fed. R. Civ. P. 37(a)(3)(B)(iv), L.R. 37.1(a), together with a supporting memorandum not to exceed 15 pages in length. On or before October 20, 2011, the defendants shall file a joint memorandum objecting to the motion to compel, also not to exceed 15 pages in length. (Insofar as the defendants' positions on the issues raised in the motion do not overlap completely, their memorandum shall separately set forth each defendant's position on any such issue.) No reply or sur-reply memorandum shall be permitted. After receiving these materials, the court will issue a written order on the motion to compel.

Counsel are also encouraged to file a chart, similar to the helpful one submitted before the informal chambers discovery

2

conference, setting forth their comparative positions on still

unreserved issues.


         **SO ORDERED.**

                                    _____
                                    Joseph N. Laplante
                                    United States District Judge

October 7, 2011

cc:   Rachel A. Rubenson, Esq.
      Sara Gutierrez Dunn, Esq.
      Annmarie A. Tenn, Esq.
      Joan A. Lukey, Esq.
      John P. O'Flanagan, Esq.
      L. Robert Bourgeois, Esq.
      Brian M. Quirk, Esq.
      James C. Wheat, Esq.
      Phillip S. Bixby, Esq.
      Martha C. Gaythwaite, Esq.