```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Kurt West

    v.                                       Civil No. 10-cv-214-JL

Bell Helicopter
Textron, Inc. *et al*.

**PROCEDURAL ORDER**

On March 18, 2013, the defendants filed a motion seeking to extend certain of the expert discovery and challenge deadlines, and the summary judgment deadline, in this case. Several hours later, the plaintiff filed a motion also seeking to extend those deadlines, but to different dates. Putting aside the fact that counsel for both sides filed these motions in violation of this court's procedure for resolving discovery disputes, set forth in the Order After Preliminary Pretrial Conference (document no. 52), at 2, neither of the motions shows, or attempts to show, good cause for extending the deadlines, as required by Rule 16(b)(4) of the Federal Rules of Civil Procedure.[1]

---

[1] The court does not deem it good cause that one side has refused to agree to what the other side considers a reasonable proposal for extending the deadlines--which, in essence, is the premise of each of the motions. While the court encourages counsel to accommodate their adversaries' reasonable proposals-- and even considers some of the proposals rejected by counsel to be quite reasonable--it does not follow that their rejection amounts to good cause.

While the motions discuss the need to test certain of the capacitors in the electronic control unit from the plaintiff's helicopter, they do not explain why, despite the fact that the parties recognized this need after testing the ECU in late August 2012, they waited until March 18, 2013 (after all of the expert discovery and challenge deadlines had already expired, and just three days before the summary judgment deadline) to seek to extend these deadlines.  Indeed, the deadlines now in effect were set at the parties' request in August, when this court granted their joint motion for permission to test the ECU and extend the then-outstanding deadlines to accommodate the additional information the testing was expected to reveal.  Order of Aug. 20, 2012 (granting document no. 124).  The parties do not explain why, even with their subsequent discovery of the need to test the capacitors, the intervening six months have not proven sufficient for that task, nor why that did not become apparent to them until after nearly all of the relevant deadlines had already lapsed.[2]

---

[2]The court acknowledges that, for some of this period, it had under advisement several discovery motions that the parties had filed in April and May 2012.  But on July 20, 2012, i.e., prior to the parties' joint motion for permission to test the ECU and extend the deadlines, the court advised them against "anticipat[ing] an expeditious resolution of their discovery disputes, as it has prioritized other trials and dispositive motions in cases requiring more immediate attention," and ordered them to "proceed with all other discovery and trial preparation not dependent on their disputes."  Order of July 20, 2012.  Moreover, in response to an order from the court notifying them

In the absence of any such explanation, the motions (document nos. 140, 141) fail to show good cause to extend the deadlines, and are denied.  See Fed. R. Civ. P. 16(b)(4).  This ruling does not foreclose the parties from jointly seeking to extend (or, more accurately, resuscitate) the deadlines to dates as to which they are able to agree.

The defendants' "motion to foreclose plaintiff from the offer of evidence regarding aggravation of a pre-existing condition" (document no. 143) is, as its title suggests, a motion in limine seeking to limit the plaintiff's damages claim at trial.  It is therefore DENIED as premature, without prejudice to its refiling as a motion in limine by the applicable deadline prior to any trial in this matter.

Finally, Rolls Royce's motion to reconsider (document no. 137) this court's denial of Rolls Royce's motion for a protective order to preserve its confidentiality designations over certain

---

that a decision on the discovery motions was imminent, Order of Jan. 4, 2013 (document no. 127), the parties advised the court that they had resolved the disputes presented by the discovery motions, at least insofar as they involved the production of documents (as opposed to the placement of confidentiality designations over documents that had already been produced).  Yet both sides waited more than six weeks more to ask the court to extend the deadlines.  So the pendency of the discovery motions should not have caused the parties to forestall testing the capacitors, or delaying their request for an extension of deadlines to accommodate that testing.  The present motions do not suggest otherwise.

documents it has produced is DENIED because it seeks reconsideration based on information Rolls Royce possessed at the time of its prior motion, but elected not to submit to the court.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  April 11, 2013

cc:   Joan A. Lukey, Esq.
      Sara Gutierrez Dunn, Esq.
      Jesse M. Boodoo, Esq.
      John P. Flanagan, Esq.
      L. Robert Bourgeois, Esq.
      Martha C. Gaythwaite, Esq.
      Brian M. Quirk, Esq.
      James C. Wheat, Esq.
      Jason L. Vincent, Esq.
      Jeffrey H. Karlin, Esq.
      Pierre A. Chabot, Esq.
      Phillip S. Bisby, Esq.
      Marie J. Mueller, Esq.