UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Kurt West

    v.                                  Civil No. 10-cv-214-JL
                                        Opinion No. 2017 DNH 215

Bell Helicopter Textron, Inc.,
Goodrich Pump and Engine
Control Systems, Inc., and
Rolls-Royce Corp.

**SUMMARY ORDER**

Plaintiff Kurt West moves the court to compel defendant Goodrich Pump and Engine Control Systems ("GPECS") to produce one of its designated experts for deposition. Having been designated as an engineering expert by GPECS, Bruce Millar testified in that capacity at the 2013 trial. GPECS served a supplemental report by Millar in accordance with the schedule set by this court in advance of the upcoming retrial of this matter.[1] On the basis of that supplemental report, West noticed Millar's deposition. Three days before that deposition was scheduled to occur, GPECS withdrew Millar's supplemental report and cancelled his deposition on the grounds that his testimony at trial would be limited to those opinions disclosed before and

---

[1] See Proposed Discovery Plan (doc. no. 504); Order of June 2, 2017 (doc. no. 505).

testified to during the 2013 trial.  West now moves to compel Millar's deposition.

"A party may depose any person who has been identified as an expert witness whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).  Here, Millar has been identified as an expert witness.  He produced a supplemental report.  GPECS' subsequent withdrawal of that supplemental report does not insulate him from being deposed anew.  See, e.g., Brigham Young Univ. v. Pfizer, Inc., No. 2:12-MC-143 TS BCW, 2012 WL 1029304, at *4 (D. Utah Mar. 26, 2012) (denying motion to quash deposition of withdrawn expert who had already issued reports); Hill v. Kaiser-Francis Oil Co., No. CIV-09-07-R, 2012 WL 528280, at *2 (W.D. Okla. Feb. 17, 2012) (opposing party entitled to depose withdrawn expert whose earlier opinions were introduced during class action certification proceedings); see also S.E.C. v. Koenig, 557 F.3d 736, 744 (7th Cir. 2009) ("Disclosure of the report ends the opportunity" to reclassify a designated testifying expert as a trial-preparation expert); 6-26 Moore's Federal Practice - Civil § 26.80 (2017) ("Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial.").

testified to during the 2013 trial.  West now moves to compel Millar's deposition.

"A party may depose any person who has been identified as an expert witness whose opinions may be presented at trial." Fed. R. Civ. P. 26(b)(4)(A).  Here, Millar has been identified as an expert witness.  He produced a supplemental report.  GPECS' subsequent withdrawal of that supplemental report does not insulate him from being deposed anew.  See, e.g., Brigham Young Univ. v. Pfizer, Inc., No. 2:12-MC-143 TS BCW, 2012 WL 1029304, at *4 (D. Utah Mar. 26, 2012) (denying motion to quash deposition of withdrawn expert who had already issued reports); Hill v. Kaiser-Francis Oil Co., No. CIV-09-07-R, 2012 WL 528280, at *2 (W.D. Okla. Feb. 17, 2012) (opposing party entitled to depose withdrawn expert whose earlier opinions were introduced during class action certification proceedings); see also S.E.C. v. Koenig, 557 F.3d 736, 744 (7th Cir. 2009) ("Disclosure of the report ends the opportunity" to reclassify a designated testifying expert as a trial-preparation expert); 6-26 Moore's Federal Practice - Civil § 26.80 (2017) ("Once a party has designated an expert witness as someone who will testify at trial, the later withdrawal of that designation may neither prevent the deposition of that witness by the opposing party nor the expert's testimony at trial.").

Different circumstances may compel a different result. There appears to be some dispute whether, for example, the court may or ought compel the testimony of an expert witness who, having once been designated as a testifying witness, has been re-designated as a consulting expert absent the showing of "exceptional circumstances" contemplated by Rule 26(a)(2)(D)(ii). See R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F. Supp. 2d 899, 904 (N.D. Ohio 2009), aff'd, 606 F.3d 262 (6th Cir. 2010) (analyzing authority and concluding that redesignated expert may not be deposed absent "exceptional circumstances"). But that is not the case here: Millar is not subject to the protections afforded to consulting experts because GPECS has represented that he will yet testify, albeit on a less expansive basis. The same circumstance differentiates this case from Jasty v. Wright Med. Tech., Inc., 528 F.3d 28, 39 (1st Cir. 2008), in which the First Circuit Court of Appeals affirmed the district court's decision denying one party's motion to compel the testimony of its opponent's expert witness at trial after its opponent decided not to call that expert to the stand.

As GPECS points out, of course, West would have no basis on which to depose Millar anew had GPECS never supplemented his report.[2] But he did and, having done so, may now be deposed anew

---

[2] See Obj. (doc. no. 574) at 3-4.

3

despite GPECS's withdrawal of his supplemental report.[3]  West's motion to compel Millar's deposition[4] is therefore GRANTED.  The parties shall confer and schedule the deposition to occur no later than **October 25, 2017.**

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    October 4, 2017

cc:  Joan A. Lukey, Esq.
     Justin J. Wolosz, Esq.
     Genevieve Aguilar, Esq.
     John C. Calhoun, Esq.
     Samuel N. Rudman, Esq.
     John P. O'Flanagan, Esq.
     L. Robert Bourgeois, Esq.
     Brian M. Quirk, Esq.
     Kathleen Marie Guilfoyle, Esq.
     Jason L. Vincent, Esq.
     Phillip S. Bixby, Esq.
     Marie J. Mueller, Esq.
     Martha C. Gaythwaite, Esq.

---

[3] Though it likely goes without saying, this ruling does not open the door for the renewed deposition of any expert who has not issued a supplemental report.

[4] Document no. 532.